UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGGETT C PHELPS,<br><br>  Plaintiff,<br><br>  v.<br><br>OAKLAND RIDERS, et al.,<br><br>  Defendants. | Case No. 24-cv-00571-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSAL** |

Pro se plaintiff Briggett Phelps has asked to proceed *in forma pauperis* (IFP) in her lawsuit against the Oakland Riders, Oakland Police Department, Novato Police Department, Bar Association, the Clerk who assisted her on January 9, 2024, and the Courts. *See* Dkt. Nos. 1 & 2. She has also filed a Notice attaching the programs from a memorial service held in December for another individual. Dkt. No. 9.

Although Phelps' financial condition excuses payment of the court's filing fees, the case is dismissed because the complaint fails to state a plausible legal claim. *See Nordin v. Scott*, No. 3:21-CV-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021), *aff'd*, No. 22-15816, 2023 WL 4418595 (9th Cir. July 10, 2023) ("The Court may 'at any time' dismiss an IFP complaint that fails to state a claim on which relief may be granted.") (quoting 28 U.S.C. § 1915(e)(2)(B)).

Even when read with the liberality afforded pro se litigants, the complaint is difficult to understand. The civil cover sheet lists a cause of action for "24hr harassment from law enforcement" via "GPS." Dkt. No. 1-1. However, the complaint itself alleges that the courts are improperly shielding a police officer from liability and demands that the Court "pick up the 2 wrongfully dropped cases." Dkt. No. 1 at ECF pp. 3, 7. It also alleges discrimination and mistreatment by court staff. *Id*. at ECF pp. 5, 7.

To the extent intelligible, these allegations fail to state a cognizable legal claim. The claims related to 24-hour police surveillance are frivolous and consequently dismissed. *See Dominguez v. Masons*, No. 18-CV-02950-JD, 2018 WL 3344401, at *1 (N.D. Cal. July 9, 2018). For the request to reopen prior cases, *see* Dkt. No. 1 at ECF p. 7, a similar complaint filed last year against OPD, NPD, and District Clerks was dismissed, and judgment was entered against Phelps. *See Phelps v. Novato Police Dep't*, No. 23-cv-05305-SI (N.D. Cal. Nov. 28, 2023) (Dkt. Nos. 8 & 11). Phelps may not collaterally attack prior adverse judgments by filing a new lawsuit based on the same factual allegations. *See Taylor v. Gipson*, No. 21-CV-00055-JD, 2021 WL 3565425, at *3 (N.D. Cal. Aug. 11, 2021).

For the allegations of impropriety in the court system, judges and court staff are immune from liability for judicial actions taken within the scope of their jurisdiction, and the complaint is devoid of allegations that might make the claims against court personnel plausible. *See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Drevaleva v. Beeler*, No. 20-CV-00642-JD, 2020 WL 9422378, at *1 (N.D. Cal. Apr. 27, 2020).

Phelps may file an amended complaint by March 1, 2024. Failure to amend by the deadline will result in dismissal and an entry of judgment against Phelps under Rule 41(b).

**IT IS SO ORDERED.**

Dated: February 7, 2024

JAMES DONATO
United States District Judge